UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

CIARAN HOOD,

                 Plaintiff,                 13 Civ. 628

   -against-                               OPINION

ASCENT MEDICAL CORPORATION;
SALALAH MEDICAL DEVICE MANUFACTURING
COMPANY, SAOC; ASCENT MEDICAL TECHNOLOGY
FUND II, L.P.; SALALAH MEDICAL SUPPLIES
MANUFACTURING COMPANY, L.L.C.; ASCENT
PRIVATE EQUITY II, L.L.C.; and PEGGY A.
FARLEY,

                 Defendants.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/14

A P P E A R A N C E S :

        Attorneys for Plaintiff

        DORNAN AND ASSOCIATES, PLLC
        45-58 Vernon Boulevard
        Long Island City, NY 11101
        By:  Eamonn S. Dornan, Esq.

        MCCABE & ASSOCIATES
        10 Rockefeller Plaza, Suite 900
        New York, NY 10020
        By:  Gerard G. McCabe, Esq.

        Attorneys for Defendants

        MORRIS DOWNING & SHERRED LLP
        1 Main Street
        Newton, NJ 07860
        By:  Douglas C. Gray, Esq.

**Sweet, D.J.**


Defendant Peggy A. Farley ("Farley" or the
"Defendant") has moved to dismiss the claims asserted against
her by plaintiff Ciaran Hood ("Hood" or the "Plaintiff")
pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5)
for failure to serve her within the time limits set forth in
FRCP 4(m).  Based on the conclusions set forth below, the motion
is granted, and the complaint against Farley is dismissed
without prejudice.


**Prior Proceedings**


Plaintiff by counsel sent a demand letter to Farley in
July 2012 to which counsel for Farley responded.  The complaint
was filed on January 1, 2013 containing allegations against
Delaware and Omani business entities and Farley.


On June 24, 2013, this action was dismissed for
failure to prosecute, and the Plaintiff was granted 30 days to
show cause why the action should be reopened.  (See Dkt. No. 2.)
On July 17, 2013, by an affirmation of service, the Plaintiff
stated that on March 16, 2013 Defendants were served by
certified mail to One Morningside Drive, Suite 1715, New York,

1

N.Y. 10025, and, pursuant to her request, the summons and complaint was sent to Farley by e-mail.  (Dkt. No. 3.)

On July 24, 2013, the Plaintiff sought another 30 days to serve, an effort terminated by a filing error.  (Dkt. No. 4.) The application was renewed on April 30, 2014 and granted on June 2, 2014.  (See Dkt. Nos. 9-10, 12.)

On July 9, 2014, Plaintiff filed an Affidavit of Service ("Service Affidavit") based upon Plaintiff's counsel "personally serving all of the defendants at One Morningside Heights, New York, NY, Suite 17 upon a white male Security Officer, who identified himself as Elvis.  He stated that there was no one inside Suite 1725, but that he was authorized to accept service" and by mailing copies of the summons and complaint addressed to the defendants.  (Gray Cert. Ex. F; see also Dkt. No. 13.)

The instant motion was submitted on September 3, 2014.

**The Facts**

The affidavit of Farley sets forth the following facts.

2

At the time of service (and for more than eleven (11) months prior) One Morningside Drive was not Farley's "dwelling," "usual place of abode," or "place of business." Farley is now and since 1980 has been a domiciliary of the State of New Jersey. (Farley Decl. ¶ 3.) From March 2009 to June 2013 she maintained a residential apartment, Suite 1715, in the Avalon Bay Residence located at One Morningside Drive, New York, New York. (Id. ¶ 4.) However, Farley's lease at One Morningside Drive expired on May 30, 2013, and she had vacated the building entirely by July 1, 2013. (Farley Decl. ¶ 6, Ex. A.)

As the Service Affidavit indicates on its face, service was attempted on either "Suite 17" or "Suite 1725", not on Suite 1715 (the address listed on the civil cover sheet and in the prior McCabe Affirmation).

The security guard or doorman working at a building where Farley had maintained a residence a year prior was not authorized to accept service on her behalf. (See Farley Decl. ¶¶ 9-11.) Moreover, as noted, it appears from the Service Affidavit that to the extent that the doorman believed he was accepting service on anyone's behalf, it was on behalf of the

current occupants of "Suite 1725."  (See Gray Decl. Ex. F; see also Dkt. #13.)

## **Service Upon Farley Has Not Been Established**

When, as here, a defendant seeks to dismiss the complaint pursuant to FRCP 12(b)(5) for insufficient service of process, the "plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 Fed. App'x 202, 203 (2d Cir. 2010); Mende v. Milestone Technology, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." Kwon v. Yun, No. 05 Civ. 1142, 2006 WL 416375, *2 (S.D.N.Y. Feb. 21, 2006) (citations omitted); see also Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss. See generally Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978).

FRCP 4 sets forth the rules applicable to service of process. Rule 4(e) provides that in the absence of a waiver pursuant to Rule 4(d), an individual defendant must be served either by:

4

(1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)   doing any of the following:

    (A)   delivering a copy of the summons and of the complaint to the individual personally;

    (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

New York Law for the service of process is governed by Section 308 of the Civil Practice Laws and Rules ("CPLR") which provides that individuals may be served by:

    (A)   delivering the summons to the person to be served; or

    (B)   delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served", along with mailing the summons to the person's last known address.

See CPLR 308(1) and (2).

There is no contention that Farley was ever served personally pursuant to FRCP 4(e)(2)(A) or CPLR 308(A), and it is

5

established that mail service, without the return of an executed

waiver of service, is invalid personal service.  See, e.g.,

Mende, 269 F. Supp. 2d at 252.


        To satisfy the burden incumbent on Plaintiff, he must

demonstrate that the summons and complaint were either "left at

the individual's dwelling or usual place of abode with someone

of suitable age and discretion who resides there" (FRCP

4(e)(2)(B)); delivered to "an agent authorized by appointment or

by law to receive service of process" (FRCP 4(e)(2)(C)); or

delivered "to a person of suitable age and discretion at the

actual place of business, dwelling place or usual place of abode

of the person to be served" (CPLR 308(2)).


        The Plaintiff has cited Citadel Management, Inc. v.

Telesis Trust, Inc., 123 F. Supp. 2d 133 (S.D.N.Y. 2000), and

certain cases cited therein, for the proposition that personal

service of the complaint to a doorman at One Morningside Drive,

New York, New York, in June 2014 constitutes valid service on

Farley.  Putting to one side the fact that it does not appear

that the Plaintiff even attempted service on the proper

apartment at that address, nowhere in Plaintiff's submission is

there any challenge of the fact that Farley vacated that

residence by July 1, 2013.  Neither Citadel nor any of the

authorities cited therein stands for the proposition that an individual no longer residing at a particular address can nevertheless be served there simply by leaving process with a doorman.  There was no claim that the individual served in Citadel was not a current resident of the subject building, and in fact the doorman in Citadel "did confirm [the individual's] residence there and state[d] that he was authorized to accept service on [his] behalf."  123 F. Supp. 2d at 145.

Moreover, in FDIC v. Scotto, No. 97 Civ. 1631, 1998 WL 357324 (N.D.N.Y. June 29, 1998), cited in Citadel and in Plaintiff's opposition brief, a process server made two prior attempts to serve the individual at issue at former residences. In both instances, the process server did not seek to effect service at these addresses and the district court in Scotto specifically acknowledged that "potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts."  Scotto at *2 (citing Dobkin v. Chapman, 21 N.Y.2d 490, 504 (1968)).

Because the Plaintiff has not established proper service on Farley, her motion is granted.

## Conclusion

The Defendant's motion is granted, the service on the Defendant identified in the Affidavit is quashed and the complaint against Defendant is dismissed without prejudice.

It is so ordered.

New York, NY
October 8 , 2014

ROBERT W. SWEET
U.S.D.J.