<pre>
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CIARAN HOOD,

                    Plaintiff,

        - against -                             13 Civ. 628 (RWS)

ASCENT MEDICAL CORPORATION; SALALAH                  OPINION
MEDICAL DEVICE MANUFACTURING COMPANY,
SAOC; ASCENT MEDICAL TECHNOLOGY FUND II,
L.P.; SALALAH MEDICAL SUPPLIES
MANUFACTURING COMPANY, L.L.C.; and
ASCENT PRIVATE EQUITY II, L.L.C.,

                    Defendants.

----------------------------------------X
</pre>

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    DORNAN & ASSOCIATES
    45-58 Vernon Blvd.
    Long Island City, NY 11101
    By:  Eamonn Seamus Dornan, Esq.

    MCCABE & ASSOCIATES
    10 Rockefeller Plaza, Suite 900
    New York, NY 10020
    By:  Gerard Greogry McCabe, Esq.

<pre>
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-20-16
</pre>

<pre>
Case 1:13-cv-00628-RWS-DCF   Document 69   Filed 06/20/16   Page 1 of 11
</pre>

**Sweet, D.J.**

The Court referred this action to the Magistrate, the Honorable Debra Freeman, for a damages inquest on April 10, 2015 after granting a default judgment on April 8, 2015. The Magistrate appropriately considered the question of jurisdiction over the defendants (Ascent Medical Corporation or "AMC" or Salalah Medical Device Manufacturing Company or "SMDM" or "Defendants") as well as determining damages and filed the Report and Recommendation ("R&R") on March 3, 2016, recommending that the default judgment be vacated and alternatively calculating damages in the amount of $771,909.80 plus interest. The Plaintiff, Ciaran Hood (the "Plaintiff" or "Hood") filed his Objection to the Magistrate Judge's R&R on April 4, 2016.

As set forth below, the Recommendation of the Magistrate is approved and the default judgment vacated, and the action dismissed for lack of jurisdiction without prejudice.

**Prior Proceedings**

Hood commenced this action against Defendants on January 29, 2013. On March 13, 2015, Hood filed a motion for

1

default judgment. This Court entered default judgment against the Defendants on April 8, 2015 as they failed to appear and referred the case to Magistrate Judge Freeman on April 10, 2015 for a damages inquest.

On March 3, 2016 Magistrate Judge Freeman issued the R&R recommending that the Court vacate the default judgment and dismiss the action for lack of personal jurisdiction. In the alternative, Magistrate Judge Freeman completed the damages inquest. Hood objected to the R&R on April 4, 2016, at which point the motion was marked fully submitted.

**Applicable Standard**

The District Court adopts a Magistrate Judge's Report and Recommendation when there is no clear error on the face of the record. See *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); *Silva v. Peninsula Hotel*, 509 F.Supp.2d 364, 365-366 (S.D.N.Y. 2007). The Court is required to make a de novo determination about any aspects of the R&R to which objections are made. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The court may then accept, reject, or modify in whole or in part, recommendations of the Magistrate Judge. See

*Nelson*, 618 F.Supp. at 1189.

**The Court Adopts the R&R in Full**

The Plaintiff objected to the Magistrate's R&R for two primary reasons: (1) the Magistrate offered no authority for considering personal jurisdiction *sua sponte*; and (2) even if such authority existed, the Magistrate's analysis was incorrect because there is personal jurisdiction over the Defendants. For the reasons that follow, the Magistrate did have authority to consider personal jurisdiction *sua sponte* and that there is no personal jurisdiction over the Defendants in New York, as currently pled.

Plaintiff argues that the proper procedure to challenge personal jurisdiction is through a collateral proceeding *after* a default judgment is entered. While Plaintiff is correct that a collateral proceeding is an opportunity for Defendants to challenge personal jurisdiction, this Court may still find *sua sponte* that the Court does not have jurisdiction over the foreign Defendants. In *Sinoying Logistitcs Pte Ltd. v. Yi Da Xin Trading Corp*, the Second Circuit found that "when a defendant declines to appear, . . . before a court grants a

3

motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." 619 F.3d 207, 213 (2d Cir. 2010); see also, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (quoting part of the same passage from *Sinoying*). While the Second Circuit has noted that it is an open question "whether a district court *must* investigate its personal jurisdiction over a defendant before entering a default judgment," the Court certainly *may* investigate jurisdiction *sua sponte*. *Mickalis*, 645 F.3d at 133 (internal quotation omitted and emphasis in original).

The Magistrate appropriately found that there was no general jurisdiction in this case because New York was not the Defendants' state of incorporation nor the location of its principal place of business. (R&R at 17-22.) In order to find general jurisdiction, the Magistrate correctly found that the foreign corporation must satisfy both the state statute for general jurisdiction in the forum state (here New York) as well as the Due Process Clause of the 14th Amendment. The traditional test for Due Process had been whether the defendant's contacts with the forum state are "continuous and systematic." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Supreme Court clarified this standard in *Goodyear*, finding

4

that there would only be general jurisdiction if a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Plaintiff objects that the Magistrate did not find that two entities, AMC and SMDM were indistinguishable and should be treated as alter egos. However, the R&R assumes that these entities are alter egos for the purpose of conducting the personal jurisdiction analysis. The Magistrate determined that the Court did not have general jurisdiction over Defendants because AMC (the alleged alter ego of SMDM) was incorporated in Delaware and its principal place of business was in Minnesota. The office in Minneapolis is described as AMC's "US Head Office," it is where the previous CEO worked, and is where the Vice President of Sales and Marketing was located. The Magistrate correctly found that alleging AMC had a place of business in New York is not equivalent to alleging New York was the company's principal place of business, which is likely Minnesota.

Instead, the Plaintiff argues that because the

5

contract contained a choice of law clause favoring New York law, this clause should be read to also be sufficient for a choice of forum clause. While Plaintiff in his objection correctly notes that a choice of law clause may be a "significant factor" in determining whether the defendant conducted business in the forum, it is not alone dispositive. (Objection at ¶ 53.) Despite Plaintiff's argument to the contrary, the choice of law clause combined with maintaining an office in New York, attending one trade show in New York, and soliciting an unknown number of sales in New York are insufficient contacts to establish the due process required to make AMC "essentially at home in the forum State." (See, R&R at 21; *Goodyear*, 564 U.S. at 919.)

Second, the Magistrate found that there was no specific jurisdiction over the Defendants because the allegations in the complaint do not arise from Defendants' limited contacts with the forum state.

Specific jurisdiction is met under New York's long-arm statute, C.P.L.R. § 302(a)(1) when the defendant has transacted business within the state and the claim arises from that business activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). In this case, the

Defendants did conduct business in New York and purposefully availed themselves of the benefits of doing business in New York. However, the Magistrate correctly found that none of Plaintiff's claims arise out of those contacts because his employment contract was neither negotiated nor substantially performed in New York. Plaintiff's claim that the choice of law provision establishes jurisdiction under § 302(a)(1) does not establish the required nexus between the New York contacts and the causes of action at issue in this case. As Plaintiff notes in his objection, "Although the choice of law clause contained in the parties' distributor sales agreement is a relevant factor in determining whether defendant transacted business in new York, absent more, it is insufficient to warrant a finding of long-arm jurisdiction pursuant to CPLR 302(a)(1)." *Goulds Pumps, Inc. v. Mazander Engineered Equipment Co.*, 631 N.Y.S.2d 264, 217 A.D.2d 960 (4th Dep't 1995). Here, any other contacts are so minimal that they fall short of the bar for personal jurisdiction over these foreign Defendants required by C.P.L.R. § 302(a)(1).

The Magistrate also appropriately found that there was no specific jurisdiction under C.P.L.R. § 302(a)(2) or § 302(a)(3). These sections require that the tortious act be

7

committed in the forum state or that the plaintiff suffered the injury in the forum state, respectively. Plaintiff claims that there is specific jurisdiction under C.P.L.R. § 302(a)(2) and § 302(a)(3) because AMC is the alter-ego of SMDM and the employment agreement contained a New York choice of law provision. However, neither theory compensates for the insufficiency in Plaintiff's submissions, which never adequately alleged that a tortious act or injury occurred in New York. To combat this deficiency, Plaintiff argues for the first time in his objections that the tortious interference and defamation torts occurred in New York, including that certain defamatory statements were made in New York. However, there is no such allegation in the complaint nor in any previous submission. "Generally, courts do not consider such new arguments or new evidence raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not and the Court declines to do so." *Chalasani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at \*1 n. 3 (E.D.N.Y. Sept. 26, 2011). Previous submissions merely contained conclusory allegations that torts were committed in New York, which without more, cannot be the basis for specific personal jurisdiction under C.P.L.R. § 302(a)(2) or § 302(a)(3).

For the foregoing reasons, the complaint is dismissed without prejudice for lack of personal jurisdiction and the default judgment is vacated.

It is so ordered.

New York, NY
June 20, 2016

_____
ROBERT W. SWEET
U.S.D.J.